**UNITED STATES of America, Appellee,**

v.

**John LANHAM, III, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**William TROY, William P. Trolinger, III, and April L. Jacobs, Appellants.**

Nos. 79–5057, 79–5058.

United States Court of Appeals, Fourth Circuit.

Argued July 10, 1980.

Decided Oct. 10, 1980.

---

Barry Wolf, Alexandria, Va. (John F. Mark, Lowe, Mark, Moffitt, Barton & Ford, Alexandria, Va., on brief), for appellant Trolinger.

John Kenneth Zwerling, Alexandria, Va. (Jonathan Shapiro, Zwerling & Shapiro, Alexandria, Va., on brief), for appellant, Lanham.

James M. Lowe (Lowe, Mark, Moffitt, Barton & Ford, Alexandria, Va., on brief), for appellant Troy.

Marvin D. Miller, Alexandria, Va., on brief, for appellant Jacobs.

Myron L. Wolfson, Towson, Md., on brief, for appellants.

Kurt L. Schmoke, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Catherine C. Blake, Asst. U. S. Atty., Baltimore, Md. on brief), for appellee.

Before WINTER, MURNAGHAN and ERVIN, Circuit Judges.

PER CURIAM:

Lanham, Troy, Trolinger and Jacobs appeal the government's dismissal without prejudice of the indictments against them, contending that the dismissal should have been with prejudice. We find that a dismissal without prejudice is not immediately reviewable and we therefore dismiss the appeals.

Our action is based on the Supreme Court's decision in *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956). In *Parr,* the accused obtained a transfer of the indictment against him to another division within the same district on grounds of local prejudice. After defeating the transfer by obtaining a new indictment in another district, the government successfully moved for a Rule 48(a) dismissal[1] of the original indictment; the accused appealed. The Fifth Circuit dismissed the appeal on the ground that the order appealed from lacked the requisite finality under 28 U.S.C. § 1291. The Supreme Court, on certiorari, agreed, and alternatively held that even if the order's finality was assumed, it was still unappealable because Parr was not legally aggrieved and hence had no standing to appeal.

The *Parr* Court reasoned that in a criminal case, final judgment means conviction and sentence. A dismissal without prejudice is clearly neither, and the order being interlocutory, "its review must await the conclusion of the 'whole matter litigated' between the Government and the petitioner ...." 351 U.S. at 518, 76 S.Ct. at 916. The Court indicated that the appropriate time to review a dismissal is after reindictment and conviction:

[I]f petitioner preserves the point, he will certainly be entitled to have the [original indictment's] dismissal reviewed upon an

1. Fed.R.Crim.P. 48(a) provides that "The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

appeal from a judgment of conviction under the [second] indictment. To hold this order "final" at this stage of the prosecution would defeat the long-standing statutory policy against piecemeal appeals.

*Id.* at 519, 76 S.Ct. at 916.

In the alternative, the Court determined that, even if the dismissal order was final, Parr had no standing to appeal as he was not legally aggrieved: "[o]nly one injured by the judgment sought to be reviewed can appeal, and ... petitioner has not been injured by [the prosecution's] termination in his favor." *Id.* at 516–17, 76 S.Ct. at 915. The Court grounded this determination on its decision in *Lewis v. United States*, 216 U.S. 611, 30 S.Ct. 438, 54 L.Ed. 637 (1910), in which it held that the accused was not aggrieved by entry of a nolle prosequi against him; he therefore had no standing to appeal:

> It thus appears that this is an appeal by a person indicted for crime from an order of the court releasing and discharging him from further prosecution under the indictment. [Lewis] could not complain until he was made to suffer [citation], and when discharged from custody he is not legally aggrieved and therefore cannot appeal.

216 U.S. at 612, 30 S.Ct. at 439.

■ The dismissal in the instant case is indistinguishable from the one in *Parr*: it is not final within the meaning of 28 U.S.C. § 1291 and it does not leave Lanham, Troy, Trolinger and Jacobs aggrieved in such a way as to grant them standing to appeal. *Parr* mandates dismissal of these appeals.[2]

APPEALS DISMISSED.

---

**2.** The Fifth Circuit has also read *Parr* to preclude appellate jurisdiction over a Rule 48(a) dismissal. *See United States v. Azarte*, 545 F.2d 481 (5th Cir. 1977).