UNITED STATES of America, Plaintiff,

v.

John EDELMAN, Gary
Pratt, Defendants.

Crim. No. 92–355–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 30, 1992.

Jim Trump, U.S. Atty's Office, Alexandria, VA, for U.S.

Marvin Miller, Alexandria, VA, for John Edelman.

Jonathan Shapiro, Alexandria, VA, for Gary Pratt.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

John Edelman ("Edelman") and Gary Pratt ("Pratt") appeal the dismissal without prejudice, pursuant to Fed.R.Crim.P. 48(a), of criminal complaints against them. Edelman and Pratt argue that the complaints against them should have been dismissed with prejudice because the United States failed to articulate its reasons for seeking dismissal contemporaneously with its motion. For the reasons set forth below the court finds that it lacks jurisdiction to consider this appeal and hence dismisses it.

### Statement of Facts

The relevant facts in this case are undisputed. Edelman and Pratt were arrested on July 30, 1992 by agents of the Drug Enforcement Administration. On July 31, 1992, Magistrate Judge Poretz issued criminal complaints charging Edelman and Pratt with violating 21 U.S.C. § 846 by conspiring to distribute less than fifty kilograms of marijuana. Also on July 31, 1992, a hearing was held pursuant to Fed. R.Crim.P. 5, and the defendants were released on bond.

On August 18, 1992, the United States Attorney filed a motion to dismiss the criminal complaints against Edelman and Pratt pursuant to Fed.R.Crim.P. 48(a). Following a hearing on the government's motion on August 19, 1992, and over defendants' objections, the Magistrate Judge dismissed the complaints without prejudice and without requiring the United States Attorney to articulate the reasons for dismissal. Edelman and Pratt appeal from that decision.

### Discussion

The pleadings submitted by the parties focus on whether the Magistrate Judge erred in not requiring the government to state its reasons for seeking dismissal and on the standard of review to be applied by the district court in an appeal from a decision by a magistrate judge dismissing a criminal complaint pursuant to Fed. R.Crim.P. 48(a). The parties have not addressed, except in the most conclusory manner, the threshold question of whether the court has jurisdiction to review the magistrate judge's decision dismissing a criminal complaint where, as here, the government has instituted no subsequent criminal proceedings of any kind.

The defendants assert, and the government has not disputed, that "a decision dismissing a case, whether with or without prejudice, is a final decision. If the District Court dismisses a criminal case, then that decision is appealable." (Defense Position on Standard of Review, at p. 3). That, however, is an incorrect statement of the law. In *U.S. v. Lanham*, 631 F.2d 356 (4th Cir.1980), the United States Court of Appeals for the Fourth Circuit held that a dismissal without prejudice pursuant to Rule 48(a) is not immediately reviewable for two reasons. First, the Court of Appeals held that an order of dismissal pursuant to Rule 48(a) lacks the requisite finality to support an appeal under 28 U.S.C. § 1291. Citing the decision in *Parr v. U.S.*, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956), the Court of Appeals explained:

> [I]n a criminal case, final judgment means conviction and sentence. A dismissal without prejudice is clearly neither, and the order being interlocutory, "its review must await the conclusion of the 'whole matter litigated' between the Government and the petitioner...." [T]he appropriate time to review a dismissal is after reindictment and conviction.

631 F.2d at 357. There is no apparent reason that this rationale should not apply to an appeal to the district court of a magistrate judge's decision dismissing a criminal complaint. Applying these principles to the facts of this case, it seems clear that the appeal is premature.

Second, *Lanham* held that, even if an order of dismissal under Rule 48(a) were final under 28 U.S.C. § 1291, a defendant would lack standing to appeal because he would not be legally aggrieved absent subsequent proceedings against him. *Lanham*, 631 F.2d at 358 (citing *Parr*, 351 U.S. at 516–17, 76 S.Ct. at 915)). "Only one injured by the judgment sought to be reviewed can appeal, and, ... [a defendant] has not been injured by [the prosecution's] termination in his favor." 351 U.S. at 516–17. (citing *Lewis v. U.S.*, 216 U.S. 611, 30 S.Ct. 438, 54 L.Ed. 637 (1910)).

Edelman and Pratt contend that they are "injured" or "aggrieved" by the Magistrate Judge's order of dismissal because they must now live with the possibility that the government may institute proceedings against them in the future. The identical argument was rejected in *Parr*:

> So far as petitioner's standing to appeal is concerned, it makes no difference whether the dismissal still leaves him open to further prosecution.... The testing of the effect of the dismissal order must abide petitioner's trial, and only then, if convicted, will he have been aggrieved.

351 U.S. at 517, 76 S.Ct. at 915. *Accord U.S. v. Lanham*, 631 F.2d at 358. The same principles apply here. Accordingly, under the decisions in *Parr* and *Lanham* neither Edelman nor Pratt have standing to appeal.

### Conclusion

For the foregoing reasons, the court finds that the appeal must be dismissed.

It is so ORDERED.