**UNITED STATES of America, Appellant,**

v.

**Asa William LESTER, Jr., Appellee.**

No. 92–1086.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1992.

Decided April 27, 1993.

Stephen D. Easton, Fargo, ND, argued, for appellant.

Steven F. Lamb, Bismarck, ND, argued, for appellee.

Before McMILLIAN, MAGILL and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

The United States appeals from an order entered in the United States District Court for the District of North Dakota dismissing without prejudice an indictment charging appellee, Asa William Lester, Jr., with aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a) and 1153. For reversal, the government asserts that the district court erred in holding that the Department of Justice's internal *Petite* policy created substantive rights for a criminal defendant who had been charged and convicted for the same offense by another sovereign. We agree and reverse and remand.

In November 1990, appellee, a Native American, allegedly raped C.R. Because the alleged rape occurred within the boundaries of the Standing Rock Sioux Indian Reservation in North Dakota, Bureau of Indian Affairs officers and Federal Bureau of Investigation agents immediately conducted an investigation. While the federal investigation was still in progress, the Standing Rock Sioux Tribal Court convicted appellee of the November 1990 rape and simple assault of

C.R., and sentenced him to a term of six months on the rape charge and thirty days for the simple assault.[1]

Six months later, at the conclusion of the federal investigation, a federal grand jury indicted appellee, charging him with aggravated sexual abuse of C.R., in violation of 18 U.S.C. §§ 2241(a) and 1153. After entering a plea of not guilty to the abuse charge, appellee filed motions to dismiss the indictment on Double Jeopardy grounds for violation of the Department of Justice's internal *Petite* policy. The government opposed both motions. The government argued the Double Jeopardy clause does not protect a Native American from prosecution for the same offense by separate sovereigns. The *Petite* policy motion was opposed because the government contends the policy does not create substantive rights for criminal defendants.

The district court did not discuss the Double Jeopardy clause issue in its decision and based its order of dismissal solely on the *Petite* policy. In sustaining appellee's motion to dismiss the district court stated:

> The *Petite* policy is a firmly established policy under which United States Attorneys are forbidden to prosecute any person previously prosecuted by another sovereign for the same offense conduct. *Thompson v. United States*, 444 U.S. 248 [100 S.Ct. 512, 62 L.Ed.2d 457] (1980). An exception exists only if the Department of Justice gives advance permission upon finding "compelling interests of federal law enforcement" in prosecution.

*United States v. Lester*, No. C1–91–33–01, slip op. at 1 (D.N.D. Dec. 11, 1991).

■ First, we consider appellee's contention that the district court's dismissal of the indictment without prejudice is not a final appealable order, pursuant to either 28 U.S.C. § 1291 or 18 U.S.C. § 3731. To support his contention, appellee cites *United States v. Lanham*, 631 F.2d 356 (4th Cir. 1980). In *Lanham*, a defendant attempted to appeal the dismissal of an indictment without prejudice. The defendant contended that the dismissal without prejudice should have

---

1. By statute tribal courts can only sentence a convicted defendant to imprisonment for one year or less. 25 U.S.C. § 1302(7).

been with prejudice. The *Lanham* court, citing with approval *Parr v. United States,* 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1986), stated:

> The *Parr* Court reasoned that in a criminal case, a final judgment means conviction and sentence, a dismissal without prejudice is ... neither, and the order being interlocutory, "its review must await the conclusion of the 'whole matter litigated between the Government and the petitioner....'" 351 U.S. at 518 [76 S.Ct. at 916]. The Court indicated that the appropriate time to review a dismissal is after reindictment and conviction....

631 F.2d at 357. The *Parr* Court also noted that to hold the order final "at this stage of the proceedings would defeat the long-standing statutory policy against piecemeal appeals." 351 U.S. at 519, 76 S.Ct. at 916.

The *Lanham* case is inapplicable to the present case because in *Lanham* it was the defendant seeking the appeal, not the government. In the present case, the government relies upon 18 U.S.C. § 3731 (1988) which provides in part:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, *judgment* or *order* of a *district court dismissing an indictment* ..., as to any one or more counts....
>
> ....
>
> The provisions of this section shall be liberally construed to effectuate its purposes.

(Emphasis added.) We hold the district court order is appealable. The plain language of the statute gives the government the right to appeal the district court's dismissal of an indictment and does not distinguish between dismissal with prejudice or without prejudice. We note that § 3731 provides for an appeal of a district court's order granting a new trial after verdict on judgment of any one or more counts. Nothing could be clearer than that the government is not required to retry any one or more of the dismissed counts before taking an appeal. Under those circumstances, the district court's judgment or order is interlocutory because the whole litigation has not been concluded. Finally, § 3731 also provides

that its provisions should be liberally construed, if it is in anyway ambiguous regarding the appealability of dismissal without prejudice.

Two cases from other circuits support our conclusion that we have jurisdiction under 18 U.S.C. § 3731 although neither case involved a dismissal without prejudice. *United States v. Olatunji,* 872 F.2d 1161, 1163 (3d Cir. 1989); *United States v. DiBernardo,* 775 F.2d 1470, 1474 n. 8 (11th Cir.), *cert. denied,* 476 U.S. 1105, 106 S.Ct. 1948, 90 L.Ed.2d 357 (1985).

■ Secondly, we consider whether the internal *Petite* policy of the Department of Justice grants substantive rights to criminal defendants. This court has previously decided that "the *Petite* policy does not confer any substantive rights on a criminal defendant." *United States v. Simpkins,* 953 F.2d 443, 445 (8th Cir.1992); *see United States v. Bartlett,* 856 F.2d 1071, 1075 (8th Cir.1988). In *Simpkins* the defendant was convicted of drug-related offenses in federal district court after he had already been tried and convicted in state court for the same offense. This Court held that the *Petite* policy "does not confer any substantive rights on a criminal defendant" and cannot form the basis of a claim that the prosecution was improper. 953 F.2d at 445.

Appellee cites two cases to support his view that the *Petite* policy does grant substantive rights, *Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977), and *Thompson v. United States,* 444 U.S. 248, 100 S.Ct. 512, 62 L.Ed.2d 457 (1980). In both *Rinaldi* and *Thompson,* however, the indictments against defendants were dismissed because of violations of the *Petite* policy were government motions. Appellee asserts the basis of these decisions was fairness, and the *Petite* policy should be strictly and mandatorily applied. "It (the *Petite* policy) also serves the more important purpose of protecting the citizen from any unfairness that is associated with excessive prosecutions based on the same conduct." *Rinaldi,* 434 U.S. at 27, 98 S.Ct. at 84. We disagree.

The cases appellee cites are distinguishable from the present case. In both *Rinaldi* and *Thompson,* the government sought to

dismiss the indictment because the Justice Department did not follow its own guidelines and were appealed because the district court in each case denied the government's motion to dismiss. Neither case involved a criminal defendant seeking to enforce the *Petite* policy.

Accordingly, the order of the district court is reversed and the case remanded to the district court for further proceedings consistent with this opinion.