**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Kevin WOODRUFF, Defendant–Appellee.**

No. 94–10042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1995.

Decided March 10, 1995.

As Amended April 19, 1995.

Anne E. Kenner, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellant.

Harriett Ross, San Francisco, CA, for defendant-appellee.

Before: ALDISERT,* CHOY and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

The United States appeals the district court's dismissal of an indictment under the Hobbs Act, 18 U.S.C. § 1951(a). The threshold question raised by the defendant is whether we have jurisdiction to review the district court's order because it is without prejudice and arguably not final within the meaning of 28 U.S.C. § 1291. We hold that the government has authority to prosecute this appeal under 18 U.S.C. § 3731. With respect to the issue the government raises on appeal, we hold that the indictment here was sufficient, and so we reverse.

## JURISDICTION

The statute in question is 18 U.S.C. § 3731, which provides that, in a criminal case, "an appeal by the United States shall lie to a court of appeals from a decision, judgment or order of a district court dismissing an indictment or information." The government argues that the statute provides a sufficient and independent jurisdictional basis for us to hear this appeal. In support of

---

* Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

this proposition, the government refers us to a recent opinion from a sister circuit. In *United States v. Lester,* 992 F.2d 174, 176 (8th Cir.1993), the United States similarly appealed the dismissal of an indictment without prejudice. The Eighth Circuit held that the order was appealable under § 3731:

> The plain language of the statute gives the government the right to appeal the district court's dismissal of an indictment and does not distinguish between dismissal with or without prejudice.

*Id.* 992 F.2d at 176. We agree. *See also United States v. DiBernardo,* 775 F.2d 1470, 1474 n. 8 (11th Cir.1985), *cert. denied,* 476 U.S. 1105, 106 S.Ct. 1948, 90 L.Ed.2d 357 (1986) (noting that panel had jurisdiction under § 3731 to hear government's appeal of a dismissal of an indictment without prejudice; no discussion of 28 U.S.C. § 1291's finality requirement).

To prosecute its appeal, the government must show "that it has the right to appeal and that the order appealed from comes within the terms of a statutory grant of appellate jurisdiction." *United States v. Dior,* 671 F.2d 351, 354 (9th Cir.1982). We have noted, however, that "[d]espite the general application of § 1291's finality requirement, '[s]ection 3731 can, and does, make it lawful for the government to take certain appeals even though there is no final judgment.'" *United States v. Russell,* 804 F.2d 571, 573 (9th Cir.1986) (*quoting United States v. Martinez,* 763 F.2d 1297, 1307 (11th Cir.1985)). *Russell* concluded that, under § 3731, this court had jurisdiction to hear the government's interlocutory appeal from the

dismissal of 12 counts of a 28-count indictment. *See* 804 F.2d at 573.

 Section 3731 explicitly provides the government with authority to appeal an order "dismissing an indictment or information".[1] Though § 3731 does not, on its face, distinguish between dismissals with and without prejudice, the statute provides that "[t]he provisions of this section shall be liberally construed to effectuate its purpose." We effectuate the statutory purpose by finding that the government has authority to appeal from a dismissal of an indictment without prejudice. *See also United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975) (noting that "Congress intended to remove all statutory barriers to government appeals [through § 3731] and to allow appeals whenever the Constitution would permit"). Such a conclusion is consistent with *Russell's* holding that statutory authority lies for the government to take an interlocutory appeal from a partial dismissal of an indictment. Finally, we note that our court has previously exercised jurisdiction under § 3731 to review an order exactly like the one at issue in this case. *See United States v. ORS, Inc.,* 997 F.2d 628 (9th Cir. 1993), *aff'g,* 825 F.Supp. 255, 261 (D.Haw. 1992).

We therefore hold that we have jurisdiction under § 3731 over the government's appeal from a dismissal of an indictment without prejudice.

## SUFFICIENCY

Count one charged that Woodruff "did obstruct, delay and affect commerce by the

---

1. Section 3731 provides in full:

 In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

 An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

 An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

 The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

 The provisions of this section shall be liberally construed to effectuate its purposes.

attempted robbery" of a jewelry store in Hayward, California. Counts two through four charged that Woodruff did "obstruct, delay and affect commerce" by robbing three jewelry stores located, respectively, in Oakland, Walnut Creek, and Aptos, California, of a total of $618,000 in gold and jewelry. The Hobbs Act provides for criminal punishment for anyone who

> obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property, in furtherance of a plan or purpose to do anything in violation of this section.

18 U.S.C. § 1951(a).

The district court determined the indictment to be insufficient, and went to some length to articulate its discontent with the government's efforts to federalize crimes through the Hobbs Act by pursuing in federal court offenses that, in the district court's view, were the proper province of state courts. The district judge dismissed the indictment because it did not expressly allege the interstate impact theory on which the government was relying, and did not expressly allege any fact establishing the obstruction or interference with interstate commerce. Granting Woodruff bail pending the appeal, the district court explicated the following rule in its order releasing the defendant from custody:

> Where the impact on interstate commerce is not obvious or reasonably inferable from the conduct of the defendant, as here, an allegation of a Hobbs Act violation requires the government to apprise the defendant of its theory of interstate impact.... To defend himself, defendant is entitled to be told the theory upon which the government predicates its allegation that defendant *caused* this impact on interstate commerce. The government has simply not so informed defendant.

ER at 111–12 (emphasis in original).

■ The court reviews de novo the legal sufficiency of an indictment. *See United States v. Schmidt,* 947 F.2d 362, 369 (9th Cir.1991). An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged. *See United States v. Ors, Inc.,* 997 F.2d 628 (9th Cir.1993).

■ Although the indictment contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact, prior decisions of our court compel the conclusion that the indictment was sufficient as written. In *Carbo v. United States,* 314 F.2d 718, 733 (9th Cir.), cert. denied, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964), the defendant was indicted for a Hobbs Act violation, and he contended on appeal that the indictment was insufficient because the counts did not allege how interstate commerce was to be delayed, obstructed or affected, or what agency of interstate commerce was to be used to convey the alleged threat. "It is not necessary to plead such evidentiary detail," we noted, explaining that each count clearly alleged the scheme for accomplishing the criminal goals of the conspiracy, including reference to the role each of the five defendants was to play in the attainment of these goals. In the Ninth Circuit "[t]he use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished". *United States v. Crow,* 824 F.2d 761, 762 (9th Cir.1987) (noting that while the information lacked particulars it did put defendant on notice that the conduct was of the kind made penal).

■ These and other Ninth Circuit cases delineating the broad reach of the Hobbs Act weigh heavily against appellee's claim that the indictment was facially insufficient. For purposes of the Hobbs Act, only a *de minimis* effect on interstate commerce is necessary. *See United States v. Phillips,* 577 F.2d 495 (9th Cir.), cert. denied, 439 U.S. 831, 99 S.Ct. 107, 58 L.Ed.2d 125 (1978) (depletion of re-

 

sources from a business engaged in interstate commerce is an adequate jurisdictional basis); *see also United States v. Zemek,* 634 F.2d 1159, 1173 n. 20 (9th Cir.), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1980) ("There was evidence the [victims] purchased supplies and hired employees from out-of-state. Threatened depletion of resources from a business engaged in interstate commerce provides an adequate jurisdictional basis."). The effect, in fact, need be only probable or potential, rather than actual. *See United States v. Montoya,* 945 F.2d 1068, 1074–75 (9th Cir.1991) (rejecting the defendant's argument that an indictment charging him with Hobbs Act violations for extortion was defective because his transactions were with a fictitious front company created by the FBI and an undercover agent purporting to be importing goods into California from Alabama).

In light of the statute's adjudicated broad reach, we conclude the indictment at issue sufficiently informed the accused of the specific offenses with which he was charged. Our holding does not absolve the government from proving an "interstate impact" of the robberies at trial. The precise interstate nexus component of a Hobbs Act violation is, of course, an element of § 1951(a) that must be proved at trial. Our circuit has established that it need not, however, be expressly described in the indictment. *See Carbo, supra.*

As a charging document, an indictment must provide several safeguards for the defendant in our criminal justice system. It must sufficiently apprise the defendant of the charges against him in order to enable him to prepare his defense, and to enable him to plead jeopardy against a later prosecution. *See, e.g., United States v. Cecil,* 608 F.2d 1294, 1296 (9th Cir.1979). The indictment in this case charged the defendant with obstructing commerce by robbing three jewelry stores and attempting to rob a fourth; it identified the location and the date of each of the charged activities. It thus served its intended functions.

REVERSED and REMANDED for REINSTATEMENT OF THE INDICTMENT.