**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10328 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00234-PMP-GWF-2 |
| v. | |
| JONATHAN LEON TOLIVER, AKA K-Boose, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted May 10, 2010
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Jonathan Leon Toliver appeals his jury conviction of multiple counts of

Violent Crime in Aid of Racketeering ("VICAR"), in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1959, for murder, conspiracy to commit murder, attempted murder, and assault with a dangerous weapon, and multiple counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(j). We affirm.

The indictment provided adequate notice of the charges against Toliver. As we have held in the VICAR context, "an indictment setting forth the elements of the offense is generally sufficient." United States v. Fernandez, 388 F.3d 1199, 1219 (9th Cir. 2004); see also Fed. R. Crim. P. 7(c)(1). The "use of a 'bare bones' information—that is[,] one employing the statutory language alone—is . . . entirely sufficient so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995) (internal quotation marks omitted). Toliver's indictment set forth all the essential elements of a VICAR "status crime." Consequently, the district court correctly denied Toliver's motion to dismiss the indictment.

The jury's finding that Squad Up engaged in predicate racketeering was supported by sufficient evidence. Viewing the evidence in the light most favorable to the prosecution, a rational juror could have found beyond a reasonable doubt that Squad Up was engaged in drug trafficking and acts of attempted murder. See United States v. Bracy, 67 F.3d 1421, 1429 (9th Cir. 1995). The evidence of drug

trafficking also sufficed to establish the requisite "de minimis effect on interstate commerce." Fernandez, 388 F.3d at 1248-49.

Toliver's attacks on the jury instructions fail. Although the district court instructed that the jury was obligated to find that "at least one of defendant Toliver's purposes or motives in committing the [VICAR offenses]" was to enter or maintain or increase his position in Squad Up, it also explained that the jury "need only find" that Toliver had a "general or dominant purpose" of enhancing his status within Squad Up or committed the violent act as an "integral aspect" of his gang membership. The "general or dominant purpose" instruction cured the error we identified in United States v. Banks, 514 F.3d 959, 969-70 (9th Cir. 2008). When read as a whole, the jury instructions were sufficient to guide the jury's deliberations. See United States v. Frega, 179 F.3d 793, 806 n.16 (9th Cir. 1999).

The district court did not err by failing to instruct the jury to agree upon a specific predicate act of racketeering activity. Rather, the district court correctly instructed the jury as to the definition of racketeering activity as well as the elements of each alleged predicate racketeering act. Although the district court did not give a specific instruction clarifying that the predicate racketeering acts of murder and attempted murder needed to be separate and distinct from the

3

substantive offenses charged in the VICAR counts, see Bracy, 67 F.3d at 1429, the absence of this instruction caused Toliver no prejudice in light of the jury instructions as a whole and the evidence of Squad Up's involvement in acts of attempted murder distinct from the events of September 13, 2004. Frega, 179 F.3d at 806 n.16. Finally, the instructions do not depart from the indictment by adding murder and attempted murder as predicate racketeering activity. Although the indictment specifically identifies robbery and drug trafficking as the racketeering activity charged, the indictment as a whole repeatedly alleged that Squad Up engaged in acts and threats of murder.

The government did not violate Toliver's due process rights under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose impeachment evidence regarding DB. Although the prosecution withheld information regarding the initial police interview with DB and DB's juvenile record and psychiatric history, all material information was disclosed to Toliver by the time of DB's cross-examination, and counsel was able to conduct an effective cross-examination on the material issues. See Silva v. Brown, 416 F.3d 980, 985-86 (9th Cir. 2005); see also United States v. Browne, 829 F.2d 760, 765 (9th Cir. 1987) (rejecting Brady challenge to tardy disclosure of impeachment evidence where counsel was still able to make "effective use" of the evidence). The district court did not commit

4

clear error in declining to disclose DB's full juvenile record as this information was not "probative, relevant, [or] material" to Toliver's Brady claim. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988). Stifler does not call for review of records unrelated to Toliver's Brady claim.

The district court did not abuse its discretion in admitting the challenged evidence. The evidence of the so-called "Prince Scotty incident" tended to identify Toliver as a shooter at Carey Arms. Because the evidence was directly relevant to the charges against him, any prejudice to Toliver was not "unfair" under Federal Rule of Evidence 403. United States v. Sitton, 968 F.2d 947, 958 (9th Cir. 1992), abrogated on other grounds by Koon v. United States, 518 U.S. 81, 96-100 (1996). Even assuming that the excerpts from Hood2Hood: The Blockumentary and the lyrics to Lil' Wayne's "Where You At" were more prejudicial than probative, Toliver has not shown that excluding the evidence would more likely than not have affected the verdict. Other non-prejudicial evidence sufficed to establish Squad Up's existence, firearms use and possession by Squad Up members, and Toliver's illegal activity. See United States v. Pang, 362 F.3d 1187, 1192 (9th Cir. 2004). Finally, even assuming that Toliver properly raised these arguments in his opening brief, Toliver has not shown how the admission of

5

testimony by Davis, Westbrook, and Laquinta and Tonyell Washington caused him prejudice.

The district court did not abuse its discretion in admitting the testimony of the prosecution's gang experts, Detectives Bodnar and Walker. The government's proffer of Bodnar's testimony in defendant Richard's juvenile transfer hearing and its notice that Bodnar and Walker would testify on the basis of their investigations, training, and experience were sufficient to satisfy Federal Rule of Criminal Procedure 16(a)(1)(G). See United States v. Mendoza-Paz, 286 F.3d 1104, 1111 (9th Cir. 2002). The detectives' knowledge, experience, and investigation of gang activity also provided a sufficient foundation for their testimony under Federal Rule of Evidence 702. See United States v. Hankey, 203 F.3d 1160, 1168-69 (9th Cir. 2000).

**AFFIRMED.**