**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10122 |
| Plaintiff - Appellant, | D.C. No. 4:08-cr-00212-DCB-BPV-1 |
| v. | |
| RICHARD G. RENZI, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 17, 2011
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CONLON, District Judge.[**]

The United States brings an interlocutory appeal from the dismissal of

Racketeering Act 2 of Count 47 of the second superceding indictment against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. It is being filed together with a published opinion addressing issues raised on appeal in case No. 10-10088. The relevant facts underlying both appeals are found there.

[**]     The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

former Congressman Richard G. Renzi.  We have jurisdiction under 18 U.S.C. § 3731, and we reverse, vacate the order of dismissal, and direct that Act 2 be reinstated.

A violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified in part at 18 U.S.C. § 1962(c), requires proof of four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (footnote omitted).  The district court determined that the indictment failed to adequately allege that Renzi perpetrated his illegal activity "through" his insurance agency, Patriot Insurance. We disagree.

The indictment alleges that Renzi used Patriot Insurance to commit multiple violations of 18 U.S.C. § 1957 (engaging in monetary transactions in property derived from specified unlawful activity).  Because § 1957 violations are predicate racketeering acts as defined by 18 U.S.C. § 1961(1), this allegation is sufficient to plead a RICO violation.[1]  *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (Reliance on even "a bare bones information—that is one employing the statutory language alone—is quite common and entirely permissible . . . ."); *see*

---

[1]  The violations of § 1957 were based on the Government's contention that Renzi's extortion and mail fraud violations served as the required "specified unlawful activity."  This neatly explains the additional sub-predicates found in Racketeering Act 2.

*Las Vegas Merch. Plumbers Ass'n v. United States*, 210 F.2d 732, 741 (9th Cir.

1954); *cf. United States v. Yarbrough*, 852 F.2d 1522, 1544 (9th Cir. 1988).

**REVERSED and REMANDED with instructions**.