**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10177 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00121-LRH-WGC-2 |
| v. | |
| LINWOOD TRACY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 9, 2015
San Francisco, California

Before: NOONAN, W. FLETCHER, and DAVIS,[**] Circuit Judges.

Linwood Tracy, Jr. appeals his conviction for conspiracy to defraud the

United States in violation of 18 U.S.C. § 371. Tracy argues that (1) the indictment

was fatally insufficient because it failed to charge deceitful or dishonest means and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

(2) the government offered insufficient evidence to establish his participation in a conspiracy to defraud using deceitful or dishonest means. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo the sufficiency of an indictment first challenged in district court. *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004). "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995). Because Tracy did not challenge the indictment's sufficiency until the close of the government's case in chief, it will be "liberally construed in favor of validity," as a tardy challenge "suggests a purely tactical motivation" and "tends to negate the possibility of prejudice in the preparation of a defense." *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir. 1976). The indictment provided the relevant statute and specifics of the conspiracy that were adequate to put Tracy on notice regarding the content of the charge. *See United States v. James*, 980 F.2d 1314, 1318 (9th Cir. 1992); *United States v. Coleman*, 656 F.2d 509, 511–12 (9th Cir. 1981). Further, it is clear that Tracy's defense was not prejudiced, as his co-counsel told the jury in his opening statement that the government would have to prove that Tracy had entered into an agreement

2

to obstruct the government by deceitful or dishonest means.  **RT 56.**  Accordingly, we reject this claim.

We review sufficiency of the evidence de novo.  *United States v. Rizk*, 660 F.3d 1125, 1134 (9th Cir. 2011).  First, all evidence must be construed in favor of the prosecution.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Once the evidence is so construed, this court must affirm the conviction if "*any* rational trier of fact could have found the essential elements beyond a reasonable doubt."  *Id.*; *see also United States v. Nevils*, 598 F.3d 1158, 1164–67 (9th Cir. 2010) (en banc).  Under this deferential standard, we conclude that the government provided sufficient evidence to allow a rational trier of fact to convict Tracy.

**AFFIRMED.**