
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10000 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:12-cr-00004-APG-GWF-27 |
| FREDRICK THOMAS, aka 1Stunna, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 10, 2016[**]
San Francisco, California

Before:  GRABER, and McKEOWN, Circuit Judges, and PETERSON,[***] District
Judge.

Defendant Fredrick Thomas appeals his conviction of one count of

participating in the conduct of a Racketeer Influenced and Corrupt Organizations

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosanna Malouf Peterson, United States District Judge
for the Eastern District of Washington, sitting by designation.

("RICO") enterprise, in violation of 18 U.S.C. § 1962(c), and one count of RICO conspiracy, in violation of 18 U.S.C. § 1962(d). Reviewing de novo the sufficiency of the indictment, United States v. Olander, 572 F.3d 764, 766 (9th Cir. 2009), we affirm.

1. We assume, without deciding, that the government was required to set forth, in the indictment, more than just the elements of the offense. See United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995) ("Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged."). Here, "read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied," United States v. Hinton, 222 F.3d 664, 672 (9th Cir. 2000) (internal quotation marks omitted), the indictment sufficiently alleges that Defendant participated in the RICO enterprise. Defendant was a "member" of the organization. To become a member, he was required "to be formally vouched for by at least two other members in good standing." Members collaborate online "to share information and to solicit and recruit other members to engage in activities, including but not limited to criminal activities, in order to achieve the common objectives of the enterprise." Acting "in concert" with other members of the RICO enterprise,

Defendant's criminal activities in furtherance of the enterprise "include, but are not limited to, unlawful transfer and use of a means of identification, and possession of fifteen (15) or more counterfeit and unauthorized access devices." Those allegations, read along with the indictment in its entirety, sufficiently establish that Defendant "participated in the operation or management of the enterprise." Reves v. Ernst & Young, 507 U.S. 170, 183 (1993).

2. The indictment sufficiently alleged a domestic application of the RICO statute with sufficient ties to U.S. commerce. See RJR Nabisco, Inc. v. European Cmty., 136 S. Ct. 2090, 2105–06 (2016). For example, "[m]embers and associates of the Carder.su organization operate principally in Las Vegas, Nevada." Members dumped stolen credit and debit card data "from the United States," sold personal data stolen from American victims, manufactured and sold counterfeit driver's licenses to members, and used protected drop sites in the District of Nevada to protect the criminal enterprise.

**AFFIRMED.**