FILED

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-15439 |
| Plaintiff-Appellee, | D.C. Nos.  2:12-cv-00196-PMP |
| v. | 2:06-cr-00234-GMN-GWF-2 |
| JONATHAN LEON TOLIVER, AKA K-Boose, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted November 17, 2016
San Francisco, California

Before:  SCHROEDER, WARDLAW, and OWENS, Circuit Judges.

Jonathan Toliver appeals the district court's denial of his 28 U.S.C. § 2255

motion.  At trial, only one witness identified Toliver as being at the crime scene

when the crime occurred.  In a declaration, which was not before the trial court or

before this court in the earlier direct appeal, *see United States v. Toliver*, 380 F.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

App'x 570 (9th Cir. 2010) (unpublished), the lone witness' mother casts doubts on her son's credibility. The district court failed to hold an evidentiary hearing to consider whether Toliver was prevented from learning about the witness's mother before or during trial because the government failed to timely disclose other evidence that could have led to her. *See United States v. Browne*, 829 F.2d 760, 765–66 (9th Cir. 1987) (explaining that impeachment evidence must be disclosed at a time when it is of value to the defendant). This was an abuse of discretion. *See United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). We therefore remand to the district court to consider possible prosecutorial misconduct in light of the mother's declaration.

We do not reach Toliver's claim that his counts of conviction based on 18 U.S.C. § 924(c) are now invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government concedes that the district court may hear the *Johnson* claim. Accordingly, we deny Toliver's motion for supplemental briefing and remand to the district court to consider the *Johnson* claim, pending this court's disposition of a similar issue in *United States v. Begay*, No. 14-10080, which may affect Toliver's conviction.

The district court did not err in denying Toliver's remaining grounds for relief. Toliver's claim that the government presented a false theory to convict him

is procedurally defaulted.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

At the time of his direct appeal, Toliver had the opportunity to argue that the

organization to which he belonged, "Squad Up," was not an "enterprise engaged in

racketeering activity" for the purposes of 18 U.S.C. § 1959(a), the Violent Crimes

in Aid of Racketeering Activity ("VICAR") statute.  Procedural default also bars

Toliver's other prosecutorial misconduct claims, in which Toliver argues that the

government intimidated possible witnesses and failed to disclose impeachment

evidence, and knowingly presented a false theory of guilt.  Toliver cannot show

cause and prejudice for any of these claims.  *See Massaro*, 538 U.S. at 504.

Law of the case doctrine bars Toliver's claim that the trial court's VICAR

jury instructions contained directed verdict language.  *See United States v. Jingles*,

702 F.3d 494, 499 (9th Cir. 2012).  Toliver presented a substantively identical

claim on direct appeal that we rejected.  *Toliver*, 380 F. App'x at 573.  Toliver has

not shown any clear error in our earlier conclusion that, read as a whole, the jury

instructions were sufficient to guide deliberations.

Lastly, the district court did not err in denying Toliver's claim that he

received ineffective assistance of counsel.  The district court held a full evidentiary

hearing on this matter, and the record supports a finding that the defense counsel's

performance was not deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The parties shall bear their own costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.