**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10491 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00132-JAD-NJK-2 |
| v. | |
| SHAVONTE HILL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 21, 2018[**]
San Francisco, California

Before:  CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Shavonte Hill appeals the district court's judgment sentencing him to 26 months in prison for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

On appeal, Hill challenges only the sufficiency of the indictment against him. However, he admits that the indictment "allege[d] the three basic elements required to establish the culpability for being a felon in possession of a firearm." *See* 18 U.S.C. § 922(g). That concession is fatal, as "[g]enerally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004) (quoting *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)).

The concession is also correct. The indictment states that "[o]n or about January 27, 2017 . . . [Hill] . . . having been convicted of crimes punishable of imprisonment for a term exceeding one year . . . did knowingly possess . . . a Draco 7.62X39mm pistol with serial number DA 4743-15RO and was manufactured by ROMARM/CUGIR . . . , said possession being in and affecting interstate commerce and said firearms having been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." That sets forth all of the elements for convicting Hill of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g); *United States v. Allen*, 699 F.2d 453, 458 (9th Cir. 1982). Consequently, the indictment is sufficient under our

2

precedent.[1] *Rodriguez*, 360 F.3d at 958.

**AFFIRMED.**

---

[1]It is irrelevant that Hill "can be seen not to have possessed the firearm," as the indictment clearly alleged knowing possession. Moreover, Hill did not challenge the sufficiency of the indictment below. Thus, the indictment must be upheld, because "the necessary facts appear . . . [and] by fair construction can be found within the terms of the indictment." *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir. 1976) (quoting *Hagner v. United States*, 285 U.S. 427, 433 (1932)).