THOMPSON *v.* UNITED STATES

No. 79–5180.  Decided January 14, 1980

PER CURIAM.

The Department of Justice has a firmly established policy, known as the *"Petite"* policy, under which United States Attorneys are forbidden to prosecute any person for allegedly criminal behavior if the alleged criminality was an ingredient of a previous state prosecution against that person.  An exception is made only if the federal prosecution is specifically authorized in advance by the Department itself, upon a finding that the prosecution will serve "compelling interests of federal law enforcement." [1]

--------

[1] Promulgated in the wake of this Court's decision in *Abbate* v. *United States*, 359 U. S. 187 (1959), the policy was first recognized by the Court

In this case the Solicitor General has advised us that this established Department policy was violated. Accordingly, he urges the Court "to permit the effectuation of the government's policy against successive prosecutions by granting the petition, vacating the judgment of the court of appeals, and remanding the case to the district court with instructions to grant the government's motion to dismiss the indictment."

In 1978, the petitioner was brought to trial in a Kentucky court on a charge of armed burglary, and was convicted by a jury of a lesser included offense. He was then prosecuted and convicted in a Federal District Court on a charge of unlawfully possessing a firearm—a charge that grew out of the same criminal transaction that had been the basis of the Kentucky prosecution. This federal conviction was affirmed by the Court of Appeals for the Sixth Circuit, which accepted the Government's then position that the *"Petite"* policy had not been violated.[2]

The Solicitor General now concedes that the United States Attorney did not obtain the authorization required under the established Department policy before bringing the federal prosecution. Moreover, "after careful review" of whether to grant *nunc pro tunc* authorization, the Solicitor General has concluded that "petitioner's prosecution for unlawfully possessing a firearm was not supported by an independent compelling federal interest not satisfied by the state prosecution for armed burglary."

Ever since the Justice Department established the *"Petite"* policy in 1959, the Court has consistently responded to requests by the Government in cases such as this by granting certiorari and vacating the judgments. See, *e. g., Hammons* v. *United States,* 439 U. S. 810 (1978); *Frakes* v. *United*

---

in *Petite* v. *United States,* 361 U. S. 529, 531 (1960). It has since been known as the *"Petite"* policy.

[2] The *per curiam* opinion of the Court of Appeals is unreported, but the affirmance order is reported at 601 F. 2d 591.

*States,* 435 U. S. 911 (1978); *Rinaldi* v. *United States,* 434 U. S. 22 (1977); *Croucher* v. *United States,* 429 U. S. 1034 (1977); *Watts* v. *United States,* 422 U. S. 1032 (1975); *Ackerson* v. *United States,* 419 U. S. 1099 (1975); *Hayles* v. *United States,* 419 U. S. 892 (1974); *Thompson* v. *United States,* 400 U. S. 17 (1970); *Marakar* v. *United States,* 370 U. S. 723 (1962); *Petite* v. *United States,* 361 U. S. 529 (1960).

This practice, which rests on the power of the Court to "afford relief which is 'just under the circumstances,' 28 U. S. C. § 2106," *Rinaldi* v. *United States, supra,* at 25, n. 8, is not unique to violations of the *"Petite"* policy. The Court has also consistently vacated the judgments in other cases which the Solicitor General has represented were in violation of other Justice Department policies. See, *e. g., Blucher* v. *United States,* 439 U. S. 1061 (1979) (obscenity prosecution); *Nunley* v. *United States,* 434 U. S. 962 (1977) (prosecution for willfully making false statements concerning matters within jurisdiction of Department of Treasury); *Margraf* v. *United States,* 414 U. S. 1106 (1973) (prosecution for carrying a "concealed deadly or dangerous" weapon while boarding an aircraft); *Robison* v. *United States,* 390 U. S. 198 (1968) (addition of counts upon retrial); *Redmond* v. *United States,* 384 U. S. 264 (1966) (obscenity prosecution).

The instant case differs from this long line of decisions only in that here the Government mistakenly, and successfully, represented to the Court of Appeals that Justice Department policy had not been violated. Because of this circumstance, we do not accept the Solicitor General's suggestion. Rather, in response to his suggestion and upon an independent examination of the record, we grant leave to proceed *in forma pauperis* and certiorari, vacate the judgment, and remand the case to the Court of Appeals for reconsideration in light of the Government's present position. This course is one that the Court has frequently taken when, as here, the Government has changed its position while a criminal case is pending on

petition for certiorari. See, *e. g., Garner* v. *United States,* 430 U. S. 942 (1977).

*It is so ordered.*

THE CHIEF JUSTICE and MR. JUSTICE WHITE dissent.

MR. JUSTICE BLACKMUN, with whom MR. JUSTICE REHN-QUIST joins, dissents for the reason that in this case the United States already has presented the *"Petite"* policy issue to the Court of Appeals and that court has passed upon the issue adversely to the Government's present position.