**UNITED STATES of America**

v.

**Pauline R. CORMIER.**

**No. 79–26 CR–T–H.**

United States District Court,
M. D. Florida,
Tampa Division.

Feb. 20, 1980.

Douglas J. Titus, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff.

Mark A. Pizzo, Asst. Federal Public Defender, Tampa, Fla., for defendant.

## MEMORANDUM OPINION

HODGES, District Judge.

Defendant, Pauline R. Cormier, was informed against on March 8, 1979 for an alleged violation of 42 U.S.C. § 408(d). It was charged that she concealed from the Social Security Administration, with fraudulent intent, the fact that she was employed and earning substantial wages, an event which would affect her right to continued benefits. Because the offense alleged was a minor offense, Defendant filed an executed consent to be tried by the United States Magistrate. Following trial on June 8, 1979, the Magistrate found the Defend-

ant guilty as charged. She was sentenced to the custody of the Attorney General for six months, but execution of the sentence was suspended and she was placed on probation for two years. Defendant now appeals her conviction to this Court pursuant to Rule 8, Rules of Procedure for Trial of Minor Offenses Before United States Magistrates. The judgment of the Magistrate will be affirmed.

■ Defendant asserts two grounds for reversal of her conviction. She first argues that the information should have been dismissed because the Social Security Administration did not comply with its own internal procedures in referring the case to the United States Attorney's Office for criminal prosecution. Defendant claims the applicable regulations require that if a recipient of benefits requests pre-adjustment review of an initial determination of overpayment by the Administration, such review must be provided before a criminal prosecution is instituted.[1] Assuming that this interpretation of the rules is correct, which the Court does not decide,[2] the Defendant was not entitled to a dismissal of the information.

The Fifth Circuit decisions concerning the *Petite* policy,[3] establish the principle that violation of an internal rule of a government agency is not a basis for dismissal of a criminal prosecution where no constitutional rights are implicated. *See e. g., United States v. McInnis*, 601 F.2d 1319 (5th Cir. 1979); *United States v. Nelligan*, 573 F.2d

1. The internal procedures at issue are set forth in Sections 5502(c), 7545 and 7545.5 of the Social Security Claims Manual, but are not published in the Federal Register or Code of Federal Regulations. These "in house" procedures apparently do not have the status of a regulation of the Social Security Administration issued pursuant to an Act of Congress, which have the force and effect of law. *See, United States v. New Orleans Public Services, Inc.*, 553 F.2d 459 (5th Cir. 1977), vacated on other grounds, 436 U.S. 942, 98 S.Ct. 2841, 56 L.Ed.2d 783 (1978). The claim that due process rights are violated by violation of these informal internal procedures is thus much more attenuated than if a formally promulgated regulation of the Administration was violated.

2. The Government contends that the internal rules were not violated because they require that the suspect be afforded certain post-adjudicative procedures *only* in cases seeking civil recovery.

3. The *Petite* policy is an internal rule of the Department of Justice most frequently applied against duplicating federal-state prosecutions. Under that policy a federal trial following a state prosecution for the same act or acts is barred "unless the reasons are compelling." *See, Rinaldi v. United States*, 434 U.S. 22, 98 S.Ct. 81, 82 n. 5, 54 L.Ed.2d 207 (1977); *see also, Thompson v. United States*, —— U.S. ——, 100 S.Ct. 512, 62 L.Ed.2d 457 (1980).

251 (5th Cir. 1978). No constitutional right is embroiled in this case. Certainly no defendant in a criminal proceeding has a right to a preindictment or preinformation hearing prior to initiation of the prosecution. Thus, the Magistrate was correct in denying the Defendant's motion to dismiss the information.

■ Defendant also argues that there was insufficient evidence to support the judgment because the Government failed to establish fraudulent intent, i. e., that the Defendant knew that by withholding the information she would receive greater payments. Viewing the evidence in the light most favorable to the Government, there was substantial evidence to support the judgment of the Magistrate. The Magistrate could conclude from the evidence presented at trial, including testimony and exhibits concerning Defendant's long-term employment with the Social Security Administration and in particular her position since 1974 as "service representative" which required that she advise other beneficiaries of the applicable requirements of filing annual reports, that she knew by failing to file an annual report reflecting a change in her employment status she would receive more money than she was entitled. *See, especially* (Tr–13–25; 37–38; 42–58) and Government's Exhibit No. 1.

Accordingly, upon consideration, the judgment of the United States Magistrate is AFFIRMED.

IT IS SO ORDERED.