**UNITED STATES of America, Appellee,**

v.

**Joe Louis SIMPKINS, Appellant.**

**No. 91–2474.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1991.

Decided Jan. 9, 1992.

**444**

Daniel Robert DeFoe, Blue Springs, Mo., for appellant.

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Eugene E. Harrison, Kansas City, Mo. (Kathryn M. Geller, on the brief), for appellee.

Before ARNOLD and FAGG, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

*Background*

In a jury trial, the appellant, Joe L. Simpkins, was found guilty of three drug related offenses: (1) conspiracy to distribute cocaine and cocaine base, (2) possession with intent to distribute cocaine base, and (3) use of a firearm during, or in relation to, a narcotics trafficking offense. He was sentenced to 360 months on the conspiracy and possession with intent to deliver counts and five years, to run consecutively, on the firearms count.

Simpkins raises five issues in this appeal of both his conviction and the sentence imposed by the district court.[1] We affirm.

*Discussion*

Simpkins contends that the constitutional protection against double jeopardy prohibits his federal prosecution in this case, because he had already been tried and convicted in state court for the same offense. The appellant's view of the double jeopardy clause is contrary to recent precedent in this circuit. *See United States v. Woodard,* 927 F.2d 433, 435 (8th Cir.1991) (no double jeopardy "notwithstanding the fact that the two charges are based on the same act"). The double jeopardy clause has been interpreted to prohibit only the same sovereignty from prosecuting a person more than once for the same offense.

Conceding that his double jeopardy contention runs counter to Supreme Court precedent and recent precedent in this circuit, the appellant argues, in the alternative, that his federal prosecution violates the *policy* of the federal government not to prosecute a person for criminal conduct which was "an ingredient of a previous state prosecution against that person." *Thompson v. United States,* 444 U.S. 248,

1. The Honorable Howard F. Sachs, Chief Judge for the Western District of Missouri.

100 S.Ct. 512, 62 L.Ed.2d 457 (1980). This policy is commonly referred to as the *Petite* policy. *See Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). Federal prosecution under such circumstances requires authorization, in advance of prosecution, from the United States Department of Justice after finding that the second prosecution serves "compelling interests of federal law enforcement." *Thompson,* 444 U.S. at 248, 100 S.Ct. at 512.

This Court has held that the *Petite* policy does not confer any substantive rights on a criminal defendant and, thus, "cannot form the basis of a claim that the subsequent prosecution was improper." *United States v. Bartlett,* 856 F.2d 1071 (8th Cir.1988). Therefore, the appellant is not entitled to relief on this ground.

█ Simpkins argues that the district court abused its discretion in permitting a nonfederal police officer to testify after sitting in the courtroom through the trial, in spite of the fact that the defendant properly invoked Federal Rule of Evidence 615[2] at the beginning of the trial. Simpkins argues that a nonfederal police officer does not fit within any exception listed in Rule 615.

In *United States v. Jones,* 687 F.2d 1265 (8th Cir.1982), this Court held that the district court's decision to permit the nonfederal case agent to remain in the courtroom was not an abuse of discretion. *Jones,* 687 F.2d at 1268. The case currently before the Court cannot be distinguished from *Jones.* Thus, the appellant's argument fails.

█ Next, Simpkins argues that the government failed to disclose the criminal record of one of its witnesses in a timely manner. The government contends that routine investigative checks failed to reveal that the witness had any criminal history. Immediately prior to trial, the Assistant United States Attorney notified the district court and defense counsel that the witness had informed her of his prior arrest on a "tampering" charge. According to the Assistant United States Attorney, imposition of sentence was suspended and the case against the witness was "closed" and expunged from the record. Although the witness believed that the charge was a misdemeanor, there was no way to verify that information, because the offense had been expunged.

The district court held that, because the witness's prior conviction could have been a felony, the defense would be permitted to cross-examine the witness about his prior conviction. From the record, it appears that the defense counsel prevailed in his argument that the witness should be subject to cross-examination about his prior conviction. It does not appear that defense counsel objected to the witness's testifying. Thus, the issue was not preserved for appeal.

█ Simpkins also appeals the sentence imposed by the district court. He disputes both the Sentencing Guideline offense level and the criminal history range on three grounds. He contends that the district court: (1) improperly inferred that the offense involved more than five kilograms of cocaine; (2) erroneously concluded that the defendant had a leadership role in the drug distribution ring; and (3) erred by including the charge of resisting arrest in calculating the defendant's criminal history, because that charge arose from the arrest for the offense for which he was being sentenced.

The appellant has misplaced reliance on a recent case in which we held that the introduction of hearsay at a sentencing hearing violates the Confrontation Clause unless the hearsay falls within an exception to the hearsay rule or the court finds other indicia of reliability. *See United States v. Fortier,* 911 F.2d 100 (8th Cir.1990). In this case, the district court based its findings of the amount of cocaine involved and of the appellant's role in the offense on testimony presented at trial. Certainly the district court was permitted to rely on evidence received during the trial in making findings relevant to sentencing.

---

**2.** Rule 615 states in pertinent part: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses...."

The appellant argues that we must remand this case for resentencing because the district court erroneously counted a resisting arrest conviction as a prior conviction for purposes of calculating the appellant's criminal history. The resisting arrest charge arose out of the arrest leading to the appellant's conviction in this case.

As set out in the Sentencing Guidelines, a defendant's criminal history is calculated by noting all of a defendant's "prior sentences." That term, as defined in the Guidelines, includes only "conduct not part of the instant offense." Sentencing Guidelines, § 4A1.2(a)(1). The resisting arrest charge in this case was a part of the conduct of the instant offense. Such conduct can surely be taken into account in the guidelines, (i.e. obstruction of justice), but cannot be fairly counted as a "prior sentence." Thus, the appellant's criminal history category should have been III rather than IV. This changes the guideline range from 324–405 to 292–365 months. The appellant was sentenced to 360 months, which falls within the range of both category III and category IV.

The United States Sentencing Commission structured the guidelines so that the ranges overlap as they graduate from level to level. "By overlapping the ranges, the table should discourage unnecessary litigation. Both prosecution and defense will realize that the difference between one level and another will not necessarily make a difference in the sentence that the court imposes." U.S.S.G. Ch. 1, Pt. A4(h), intro. comment. In *United States v. Hoelscher*, 914 F.2d 1527 (8th Cir.1990), we adopted the rule enunciated in *United States v. Bermingham*, 855 F.2d 925 (2d Cir.1988). If the sentence imposed falls within the guideline range urged by the appellant and if it is clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed, then the matter is not reviewable and will not be remanded for resentencing. The error in calculating the guideline range is deemed harmless because the appellant faces the same sentence, win or lose. *Cf.*

*United States v. Urbanek,* 930 F.2d 1512, 1516 (10th Cir.1991) ("Unless the district court makes it clear during the sentencing proceeding that the sentence would be the same under either of the applicable Guideline ranges, we are compelled to remand for resentencing when we find, as we do here, that an improper offense level was applied."); *United States v. Moon,* 926 F.2d 204 (2d Cir.1991) (Court would not entertain challenge to sentence imposed if it could determine that trial court would have imposed same sentence applying the lower guideline range); *United States v. Turner,* 881 F.2d 684, 688 (9th Cir.1989) ("In a situation where the trial judge would have pronounced the same sentence whether a dispute as to the appropriate guideline range was resolved in favor of the defendant or the government, a determination of which precise guideline range is applicable is unnecessary because the defendant cannot demonstrate prejudice."); *United States v. McCrary,* 887 F.2d 485 (4th Cir. 1989) (Court should not remand for resentencing if the sentence imposed would have been selected under either guideline range); *United States v. White,* 875 F.2d 427, 432–33 (4th Cir.1989) ("Had the district judge stated that the sentence would have been the same regardless of which sentencing range had ultimately been determined to be appropriate, review of whether acceptance of responsibility applied would have been unnecessary.").

In the case currently before us, the trial court discussed the appellant's objection to the criminal history calculation and noted that it was questionable whether the resisting arrest conviction should count as a prior sentence. The trial judge noted that the sentence imposed would be at the low end of the category IV range and at the high end of the category III range. It is clear that the trial court selected a sentence it considered to be appropriate and legal regardless of the ultimate disposition of appellant's objection. Accordingly, the conviction and sentence are affirmed.