NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0529n.06

FILED
Jul 27, 2015
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JEFFERY WHITE, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    SILER, ROGERS, and STRANCH, Circuit Judges.

ROGERS, Circuit Judge. Jeffery White appeals his 24-month, below-guidelines sentence, arguing that it is both substantively and procedurally unreasonable. On April 15, 2014, White pled guilty to possessing marijuana with the intent to distribute, in violation of 21 U.S.C. § 841. At the time of his federal conviction, White had already completed an 11-month, 29-day sentence for a state court conviction arising out of the same conduct, and was serving a 24-month federal sentence resulting from the subsequent revocation of his supervised release in a prior federal case. The district judge, after a lengthy hearing, sentenced White to 24 months' imprisonment, to run consecutively with his undischarged supervised release violation sentence. On appeal, White contends that, in imposing the 24-month, consecutive sentence, the district court: (1) failed to account for White's discharged, 11-month, 29-day state sentence; (2) erred by imposing a consecutive, rather than concurrent, sentence without explanation; and (3) imposed a

sentence that was disproportionate to the offense charged. White also asserts that U.S.S.G. § 5G1.3(b)'s disparate treatment of discharged and undischarged sentences at sentencing violated his right to equal protection of the law. Because White's sentence is both procedurally and substantively reasonable, and we have previously held that U.S.S.G. § 5G1.3(b) does not violate the equal protection clause, White's sentence must be upheld.

On July 17, 2012, while White was on supervised release following a 2010 conviction for possession with intent to distribute marijuana, Memphis police officers attempted to conduct a traffic stop of a vehicle driven by White. White, however, led the officers on a pursuit through a residential neighborhood, ultimately stopping in a private driveway. When the officers tried to detain him, a struggle ensued in which White fought with, and threatened, the officers. After the officers successfully detained White and placed him in the back seat of a police cruiser, the officers approached the vehicle, where they detected a strong odor of marijuana. They subsequently detained the passenger and, during a vehicle search, discovered a large plastic bag under the front passenger seat that contained 42 individually wrapped bags of marijuana.

On August 16, 2012, White pled guilty in state court to assault and unlawful possession of marijuana. The state court sentenced White to six months' imprisonment for the assault and 11 months, 29 days' imprisonment for marijuana possession, to be served concurrently. A week later, on August 24, 2012, the federal probation office charged White with a violation of supervised release due to his July 17, 2012 arrest. At the time of White's arrest, White had been serving a three-year term of supervised release resulting from a 2010 conviction for the possession of approximately 25 grams of marijuana. Officers did not arrest White for the supervised release violation, however, until February 5, 2013, after he had served his state

sentence. On April 10, 2013, upon the advice of counsel,[1] White admitted the allegations in the revocation of supervised release petition, and on April 24, 2013, was sentenced to 24 months' imprisonment for his supervised release violation.

Subsequently, on August 29, 2013, after White had already pled guilty to the July 17, 2012 conduct in state and federal court, the government obtained a one-count indictment, charging White with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), based on that same conduct. White moved to dismiss the charge, alleging vindictive prosecution. In particular, White argued that the "new federal charges against him would not have been filed if the prosecutor seeking the charges had not been involved in a trial loss against him" a little less than three years earlier. The district court, however, denied White's motion, finding that the government's decision to prosecute "was based on independent, intervening criminal acts committed by [White] and the government's interest in securing a sentence more commensurate with [White's] sentencing exposure," rather than on vindictive motives. White then pled guilty on April 15, 2014.

The Presentence Investigation Report calculated a guidelines imprisonment range of 37 months to 46 months, based on White's offense level of 14 and criminal history category of VI.[2] Based on the Presentence Investigation Report, the government requested 42 months' imprisonment, to run consecutive to his sentence for the supervised release violation. White, on

---

[1] In White's Motion to Dismiss his later federal charge for unlawful possession of marijuana with intent to distribute arising out of the same July 17, 2012 conduct, White's counsel indicated that she had informed White that, in her opinion, "he would not face a federal indictment for the conduct he had pled to in the state and in his supervised release case." In so advising, counsel relied on three factors: (1) the non-binding, yet "firmly established" Petite policy, "'under which United States Attorneys are forbidden to prosecute any person for allegedly criminal behavior if the alleged criminality was an ingredient of a previous state prosecution against that person[,]' *Thompson v. United States*, 444 U.S. 248, 249 (1980))"; (2) the arguably small quantity of marijuana involved; and (3) the fact that "prosecutors will generally, as a matter of professional courtesy, inform the defense if they intend to seek a federal indictment before allowing a defendant to plead to the same conduct in another federal proceeding."

[2] White had a criminal history category of VI based on: (1) his 18 criminal history points and, independently, (2) his status as a career offender.

the other hand, argued for a more lenient, concurrent sentence. After underscoring White's

difficult childhood and mental disabilities and illnesses, defense counsel reminded the court:

> By the time [White] came to federal custody, Mr. White's state sentence was already served. He thus lost the opportunity to ask for at least partially concurrent time with the state sentence in *both* this and the supervised release cases. . . . He then received the maximum sentence available for his supervised release violation and was later unexpectedly indicted.
>
> [ . . . ]
>
> Mr. White has now been prosecuted three times over for the same quantity of marijuana. . . . A harsh sentence in this case will likely drive Mr. White further into a downward spiral, making it difficult for him to ever recover. . . .

At the sentencing hearing, the government once more argued for a within-guidelines, 42-

month sentence to run consecutive to White's undischarged sentence for his supervised release

violation. White requested a below-guidelines sentence to run concurrently with his

undischarged supervised-release-violation sentence, a sentence that would "allow[] him to come

out if not at the time, at least shortly after his supervised release sentence is over." After hearing

from the government's witnesses, White's mother, and White himself, the district court

sentenced White to a below-guidelines, 24-month sentence, to run consecutive to his

undischarged sentence. The court explained:

> Now this is one of those situations where when I listen to what both sides have to argue, unfortunately, I tend to agree with both sides.
>
> [ . . . ]
>
> Based on everything that I have said—let me restate one more time the total offense level is a 14. Mr. White's Criminal History Category is a VI. And as I've indicated, the guideline range of imprisonment would be 37 to 46 months of incarceration. Obviously the government has requested and recommended a sentence of 42 months. Ms. Darker on the other hand has basically indicated that she is asking the Court to impose a sentence that would run concurrent with the term of supervised release so that it would expire in I believe it was February of 2015.

[ . . . ]

        In considering all the factors under 3553, there are a number of factors that support the request made by the government, that being the seriousness of the offense, Mr. White's history and circumstances, the need to promote respect for the law and the need to deter criminal conduct. On the other side, as far as any mitigating factors that the Court might consider, I think there is a situation involving Mr. White's mother. It appears that she does suffer from a very serious physical condition and so she needs the help of her family, so that creates a family dynamic that is probably in the Court's opinion more severe and more serious in this case than it is in most cases that I consider. Plus I have a defendant, Mr. White, who the Court finds does suffer from mental health issues and needs treatment and needs assistance in that regard to try to help him learn to cope with the everyday stresses of life. Considering those conflicting factors under 3553, Mr. White, I'm going to sentence you as follows: I'm going to sentence you to 24 months of incarceration. That will be consecutive to your current time.

This appeal followed. White contends that, in imposing the 24-month, consecutive sentence, the district court: (1) failed to account for White's discharged, 11-month, 29-day state sentence; (2) erred by imposing a consecutive, rather than concurrent, sentence without explanation; and (3) imposed a sentence that is substantively unreasonable and disproportionate to the offense charged. White also asserts that U.S.S.G. § 5G1.3(b)'s disparate treatment of discharged and undischarged sentences at sentencing violated his right to equal protection of the law.

As an initial matter, because White did not object to the procedural reasonableness of his 24-month, below-guidelines sentence when presented with the *Bostic* question during his sentencing proceeding, we review both of White's procedural challenges for plain error. Here, after the district court addressed the 18 U.S.C. § 3553 factors and imposed a below-guidelines sentence, the judge asked defense counsel if counsel "had any objections to the sentence imposed" or if the court had failed to respond to any issues raised. Defense counsel responded, "I don't think so, no." When a defendant fails to raise a procedural objection during the sentencing proceeding, "the defendant must demonstrate that the district court's omission was

plain error to obtain relief." *United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2009); *see also United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008).

The district court did not plainly err in imposing a 24-month, below-guidelines sentence when it failed to consider explicitly White's previously discharged state sentence because: (1) the district court did not have a duty to consider White's previously discharged sentence under U.S.S.G. § 5G1.3(b); and (2) White failed to raise this argument adequately at either the sentencing hearing or in his position paper. White concedes that the district court did not have a "duty" to consider his discharged state sentence under U.S.S.G. § 5G1.3(b)(2), a provision that states that, "[i]f . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction[,] . . . the sentence for the instant offense shall be imposed . . . to run concurrently to the remainder of the *undischarged* term of imprisonment." (Emphasis added.)

White, however, contends that the district court did have a duty to respond to his non-frivolous argument, namely that his sentence should be lowered based on his discharged state sentence, presumably to account for his lost chance for a concurrent sentence due to the delay in charging him. However, in arguing that the district court should have addressed his "non-frivolous" argument, White minimizes his failure to raise the argument adequately in the first instance. In particular, during the sentencing hearing, White refers only once—and even then, indirectly—to his discharged state sentence, stating:

> There is absolutely no indication that we can get Mr. White to some day [sic] make it into the main stream, but we know for certain that *42 months in addition to what he already has in custody for conduct that he's pleaded to on three different occasions* is not going to do anything in this case in terms of deterrence, rehabilitation or really any of the goals of sentencing except for perhaps temporary incapacitation.

(Emphasis added.) Though this statement highlights White's belief that a 42-month sentence, as requested by the government, would be unreasonably long in light of his additional state and supervised release violation sentences, it falls far short of explicitly asking the court to reduce White's sentence based on his discharged state sentence. White's mention of his discharged state sentence in his position paper—though slightly more direct—is similarly brief: White simply informs the court that because he had already served his state sentence, he "lost the opportunity to ask for at least partially concurrent time with the state sentence in *both* this and the supervised release cases." "[I]deally a district court *will* address a defendant's nonfrivolous arguments for a lesser sentence," *United States v. Duane*, 533 F.3d 441, 452 (6th Cir. 2008) (emphasis in original). However, because "a sentencing judge is not required to explicitly address every mitigating argument that a defendant makes, particularly when those arguments are raised only in passing," *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008), the district court did not plainly err in failing to directly address an argument that was raised only briefly by White, if at all.

The district court also did not plainly err in simultaneously explaining the reasons for the sentence and for making the sentence consecutive. "When a defendant is subject to an undischarged sentence of imprisonment, the district court generally has authority to impose a term of imprisonment on the current offense to run concurrently with or consecutively to the prior undischarged term." *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011); *see also* 18 U.S.C. § 3584(a). "The exercise of this authority 'is predicated on the district court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable Guidelines or policy statements issued by the Sentencing Commission.'" *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012); 18 U.S.C. § 3584(b). The policy statement in U.S.S.G. § 7B1.3(f),

though non-binding, states that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."

It is true, as White contends, that the district court did not state a specific reason for imposing White's sentence consecutively. However, the court's explanation for the 24-month, below-guidelines, consecutive sentence—an explanation that thoroughly addressed the § 3553(a) factors and White's mitigating evidence—made sufficiently clear that the court's reasons for choosing a substantive sentence and for running the sentence consecutive to his undischarged sentence were the same. "When deciding to impose consecutive sentences, . . . a district court must indicate on the record its rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere." *Cochrane*, 702 F.3d at 346. Though a district court is "not required to state a specific reason for a consecutive sentence," it must nevertheless "make generally clear the rationale under which it has imposed the consecutive sentence." *Id.* (internal quotations and citation omitted). Here, after a lengthy sentencing hearing, the district judge said that he "tend[ed] to agree with [the arguments on] both sides." The court next, after restating White's offense level and criminal history category, reiterated that the government had recommended a 42-month sentence, while defense counsel had "indicated that she [wa]s asking the Court to impose a sentence that would run concurrent with the term of supervised release so that it would expire in . . . February of 2015." The court then explained:

> In considering all the factors under 3553, there are a number of factors that support the request made by the government, that being the seriousness of the offense, Mr. White's history and circumstances, the need to promote respect for the law and the need to deter criminal conduct. On the other side, as far as any mitigating factors that the Court might consider, I think there is a situation involving Mr. White's mother. It appears that she does suffer from a very serious physical condition and so she needs the help of her family, so that creates a family dynamic that is probably in the Court's opinion more severe and more serious in

this case than it is in most cases that I consider.  Plus I have a defendant, Mr. White, who the Court finds does suffer from mental health issues and needs treatment and needs assistance in that regard to try to help him learn to cope with the everyday stresses of life.  *Considering those conflicting factors under 3553*, Mr. White, I'm going to sentence you as follows: I'm going to sentence you to 24 months of incarceration.  *That will be consecutive to your current time*.

(Emphasis added.)  It is clear from the court's sentencing explanation above that the court's decision to impose a consecutive sentence on White was intertwined with its determination of the length of his sentence; in fact, the decision to impose a below-guidelines, yet consecutive sentence, appears to have been a compromise between the sentences recommended by the government and White, and in recognition of the persuasive arguments "on both sides."  Because the district court acknowledged White's request for a concurrent sentence and, immediately before passing sentence, indicated that the sentence was being given in consideration of "those conflicting factors under 3553" previously addressed—a phrase that applied equally to the length of the sentence and its consecutive nature—the district court did not plainly err in imposing a consecutive sentence.

White's sentence was also substantively reasonable because, in light of White's extensive criminal history, the nature of the crime charged, and the need to promote respect for the law, his 24-month, below-guidelines consecutive sentence was "no greater than necessary."  "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)."  *United States v. Tristan-Madrigal*, 601 F.3d 629, 632−33 (6th Cir. 2010).  There is a strong presumption that a below-guidelines sentence is reasonable, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008), a presumption that White cannot overcome: the district court thoroughly addressed both White's mitigating and § 3553(a) factors, recounted White's extensive criminal history, discussed White's mental health issues and difficult childhood, and considered White's mother's

physical ailments. Though White believes that the below-guidelines sentence was still too long, particularly given the small amount of marijuana involved and his previously discharged state sentence arising from the same conduct, the record shows that the court painstakingly grappled with the conflicting § 3553(a) factors and mitigating circumstances in reaching its sentencing decision. Ultimately, the court concluded that White's crime and criminal history background required more than the concurrent sentence requested by White, yet less than the sentence proposed by the government. Given the court's reasoned consideration of all relevant factors at sentencing, White cannot rebut the presumption of reasonableness.

White's specific substantive reasonableness challenges are also without merit. First, the district court's failure to depart further downward based solely on White's discharged state sentence at sentencing did not render his 24-month, below-guidelines sentence substantively unreasonable. White never explicitly argued that the district court should consider his lost opportunity for a concurrent sentence that resulted from his delayed federal prosecution during the sentencing hearing. In any event, the court was under no duty to lower his federal sentence in light of his discharged state sentence. The district court thus did not abuse its discretion in not reducing his sentence based on the discharged state sentence. Second, White's contention that the district court erred by not recognizing its discretion to depart downward to account for White's discharged state sentence also fails because the record does not support a finding that the court misunderstood its discretion to depart downward: in fact, after calculating the guidelines range to be 37 to 46 months, the court chose to vary downward, sentencing White to a 24-month, consecutive sentence. Ordinarily, "we do not review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure." *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir.

2008). "[W]e presume that the district court understood its discretion, absent clear evidence to the contrary." *Id.*

Finally, White's claim that U.S.S.G. § 5G1.3(b)'s disparate treatment of discharged and undischarged sentences violates his right to equal protection of the law fails because we have previously held to the contrary. In *United States v. Dunham*, 295 F.3d 605 (6th Cir. 2002), we held that U.S.S.G. § 5G1.3(b) does not violate "the equal protection component of the Due Process Clause of the Fifth Amendment [by] mandat[ing] credit for undischarged sentences, but not for discharged sentences," because there is a rational basis for § 5G1.3(b)'s distinction. *Dunham*, 295 F.3d at 610–11. Because "a panel of this court may not overrule a previous panel's decision," *Meeks v. Illinois Cent. Gulf R.R.*, 738 F.2d 748, 751 (6th Cir. 1984), we decline White's request to overrule *Dunham*.

The judgment of the district court is affirmed.