NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0314n.06

No. 24-5605

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 25, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL LAMOR MAJOR,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

OPINION

Before: MOORE, GRIFFIN, and KETHLEDGE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Daniel Major was near the end of a five-year term of supervised release when a warrant for his arrest was issued following his indictment on new federal drug-conspiracy charges. A district court sentenced Major to 140 months of imprisonment on the new charges and 33 months of imprisonment for Major's violation of his previous term of supervised release. The district court elected to run the 33-month sentence consecutively to the 140-month sentence. On appeal, Major challenges the reasonableness of that decision. But because we find no error in the district court's sentencing decisions, we **AFFIRM**.

## I. FACTUAL BACKGROUND

### A. Major's Supervised Release Violation

In 2010, Daniel Lamor Major pleaded guilty to possessing cocaine base with the intent to distribute and possessing a firearm as a felon and was sentenced to 96 months in prison, to be followed by a five-year term of supervised release. R. 27 (Judgment) (Page ID #102–05). In 2017,

after serving his term of imprisonment, Major began his supervised-release term, which was set to expire on July 31, 2022. R. 44 (Viol. Report at 1) (Page ID #136).

Major began violating the terms of his supervised release in May 2018, when he tested positive for marijuana; between May 2018 and June 2022, Major tested positive for marijuana five times and admitted to marijuana use on an additional occasion. *Id.* at 2 (Page ID #137). In August 2018, Major failed to notify his Probation Officer of a new state misdemeanor charge within 72 hours as required by the terms of his supervised release. *Id.* And in February 2019, Major violated the terms of his supervised release when he was charged with state felony and misdemeanor drug offenses. *Id.*

Then, in July 2022, Major was indicted on new federal charges of conspiring to possess methamphetamine and fentanyl with the intent to distribute. *United States v. West, et al.*, No. 5:22-CR-00027-002 (W.D. Ky.), R. 11 (Super. Indictment at 1–2) (Page ID #23–24). Major pleaded guilty to those charges, *id.* at R. 80 (Plea) (Page ID #239–41), and the district court sentenced him to 140 months of imprisonment. *Id.* at R. 92 (Judgment II at 3) (Page ID #366).

## B. The Proceedings Below

Because Major's indictment on new federal charges violated the terms of his original supervised release, an arrest warrant was issued for Major on July 25, 2022, one week before his term of supervised release was set to expire. R. 35 (Arrest Warrant at 1) (Page ID #127). Major was arrested pursuant to the warrant on August 3, 2022. *Id.*

In advance of a hearing on the revocation of Major's term of supervised release, the United States Probation Office filed a Violation Report detailing the instances upon which it alleged that Major had violated the terms of his supervised release. R. 44 (Viol. Report at 2–3) (Page ID #137–

2

38). The report included Major's marijuana use throughout his supervised-release term, his failure to notify the Probation Office of new charges, and the state and federal charges he had received during the term of his supervised release. *Id.* at 3–7 (Page ID #138–42). Based upon these alleged violations, the Probation Office calculated Major's advisory sentence under the Sentencing Guidelines as 33 to 41 months of imprisonment. *Id.* at 7 (Page ID #142).

On June 18, 2024—the same date on which the district court sentenced Major to 140 months of imprisonment on the new charges—the district court held a supervised-release revocation hearing. R. 64 (Revocation Hr'g Tr. at 1) (Page ID #235); *see United States v. West, et al.*, No. 5:22-CR-00027-002 (W.D. Ky.), R. 95 (Sent'g Tr. at 1) (Page ID #380). At the hearing, both parties agreed that Major had violated the terms of his supervised release and that the applicable Guidelines range was 33 to 41 months. R. 64 (Revocation Hr'g Tr. at 2) (Page ID #236). And both parties recommended that Major receive a low-end sentence of 33 months. *Id.* But the parties disagreed as to whether the sentence should run concurrently or consecutively to Major's 140-month sentence that the district court had imposed earlier in the day. *Id.* at 2–4 (Page ID #236–38). Major argued that the sentences should run concurrently because his supervised release "was set to expire on August 1st" and the warrant had been "issued on July 25th" such that "at the time the warrant issued, he was very near the end of this supervision period from the previous case." *Id.* at 2–3 (Page ID #236–37). By contrast, the government argued that the sentences should run consecutively because, although the revocation was "based on the same conduct" as Major's new federal charges, "there [was] also additional conduct." *Id.* at 3 (Page ID #237). Specifically, the government pointed to Major's numerous other violations of the terms of

3

his supervised release, including "several positive THC screens, failure to report contact with law enforcement," and "a new criminal misdemeanor charge in Christian County." *Id.*

After hearing both parties' arguments, the district court noted that Major "may have had a better argument" had "the offense conduct in the last case [been] the only violation," but stated that "it seem[ed] as though, looking . . . through the petition, there were multiple violations. And he obviously didn't heed the assistance that was offered and continued to engage in criminal conduct." *Id.* at 4 (Page ID #238). The district court then concluded that, "consistent with the guidelines . . . the 33 months in this revocation matter will run consecutively to the sentence just imposed." *Id.* The district court then revoked Major's supervised release and sentenced him to 33 months of imprisonment to run consecutively to his 140-month sentence, stating that it "believe[d] that a sentence at the low end of that [Guidelines range], of 33 months, is sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2)." *Id.* at 4–5 (Page ID #238–39); R. 46 (Revocation Order at 2) (Page ID #157). Major timely appealed. R. 47 (Notice of Appeal) (Page ID #158).

## II.  DISCUSSION

On appeal, Major challenges the procedural reasonableness of his 33-month sentence, arguing that the district court failed in two different ways to follow the proper procedure in announcing the 33-month consecutive sentence:  first, Major argues that the district court erred in failing to address his primary argument that the sentences should run concurrently because Major was at the tail end of his supervised-release term; and second, Major argues that the district court failed adequately to explain its reasoning for arriving at 33 months as the appropriate sentence in Major's case.

### A. Standard of Review

We review sentences imposed upon the revocation of a defendant's supervised release, as we review all other sentences, "'under a deferential abuse of discretion standard' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (quoting *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007)).[1]  "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Abdullah*, 119 F.4th 496, 498 (6th Cir. 2024) (quoting *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009)).

### B. Procedural Reasonableness

"A sentence imposed upon revocation of supervised release, like an original sentence, must be procedurally reasonable." *United States v. Adams*, 124 F.4th 432, 438 (6th Cir. 2024).  "A district court procedurally errs by 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Mills*, 126 F.4th 470, 473–74 (6th Cir. 2025) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  Here, Major contends that his sentence is procedurally unreasonable because the district court failed both to consider adequately Major's primary argument—that the sentence should be concurrent because Major's supervised-release term was almost over—and to explain its chosen 33-month, consecutive sentence.

---

[1]Though Major did not raise a procedural-reasonableness challenge below, both parties agree that we should nevertheless review the district court's decision for an abuse of discretion, rather than for plain error, because the district court failed to ask the parties for objections to the sentence as required under *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004).  Here, instead of asking for objections not previously raised, the district court merely asked each party, "anything further?", which is insufficient to satisfy *Bostic*.  R. 64 (Revocation Hr'g Tr. at 5–6) (Page ID #239–40); *see, e.g.*, *United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007).

**1. Whether the District Court Failed to Consider Major's Timing Argument**

"Where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). This requirement "assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable." *Id.* "For that reason, this Court has held that a district court plainly errs where it is 'non-responsive to [a non-frivolous] argument' at sentencing." *United States v. Thomas-Mathews*, 81 F.4th 530, 544 (6th Cir. 2023) (quoting *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010)) (alteration in original); *see also United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010) ("It is well established that, as part of its sentencing procedure, a court must consider all non-frivolous arguments in support of a lower sentence."). At the same time, "[w]e are to focus less on what the transcript reveals that the court said and more on what the transcript reveals that the court did." *Gunter*, 620 F.3d at 646. Where a defendant argues that a district court failed to consider a non-frivolous sentencing argument, then, our task is to "determine whether, based on the entirety of the sentencing transcript and written opinion, if any, we are satisfied that the district court fulfilled this obligation" to "conduct a meaningful sentencing hearing and truly consider the defendant's arguments." *Id.*

Here, Major claims that the district court erred by failing to address his primary argument for a concurrent, rather than consecutive, sentence: that the sentence should run concurrently because Major had been in the last week of his supervised-release term when the warrant for his arrest issued. Although Major is correct to note that the district court's consideration of his timing

6

argument was brief, the record belies Major's contention that the district court failed to consider his argument at all. At the revocation hearing, the district court heard arguments from both parties as to whether the sentence should run concurrently or consecutively to Major's earlier-imposed sentence. R. 64 (Revocation H'rg Tr. at 2–3) (Page ID #236–37). The district court then specifically responded to Major's timing argument by noting that Major "may have had a better argument" had "the offense conduct in the last case [been] the only violation," but that "it seem[ed] as though, looking . . . through the petition, there were multiple violations. And he obviously didn't heed the assistance that he was offered and continued to engage in criminal conduct." *Id.* at 4 (Page ID #238). The record therefore reflects that the district court did consider Major's argument, even if it did not do so in a fulsome manner.

Major argues that it is not clear that the district court's statements about Major's prior violations of his supervised release were directly responsive to his argument in favor of a concurrent sentence. But this contention contradicts common sense. The only argument raised by Major's counsel at the revocation hearing was the argument that Major's sentence should run concurrently to his earlier-imposed sentence because of the timing of the violation. As a result, this was the only argument to which the district court could have been responding when making statements about Major's previous violations. And it logically follows that the district court would be unconvinced by Major's timing argument because that argument depended on the alleged injustice of revoking Major's supervised release so close to the end of the term, an injustice that becomes less compelling in light of Major's multiple supervised-release violations committed prior to the violation that resulted in the revocation.

Because the record demonstrates that the district court did consider Major's timing argument, and simply elected not to credit it, this case is distinguishable from our decision in *Thomas-Mathews*, 81 F.4th at 544–45. Here, unlike in *Thomas-Mathews*, the district court did not entirely fail to address a discrete and specific argument that Major raised. Instead, the district court considered Major's argument and concluded that it was unconvincing because Major had on several previous occasions violated the terms of his supervised release. The district court therefore fulfilled its duty to respond to each of Major's non-frivolous sentencing arguments. We conclude that, on this count, Major's sentence is procedurally reasonable.

**2. Whether the District Court Failed to Explain its Sentencing Decision**

In reviewing a sentence for procedural reasonableness, our review "requires us to inquire into both 'the length of the sentence' and 'the factors evaluated and the procedures employed by the district court in reaching its sentencing determination.'" *United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). In order to facilitate that review, a district court must "consider the factors 'relevant' to its sentencing decision, and make the basis of its decision sufficiently clear on the record to permit 'reasonable appellate review.'" *United States v. Presto*, 498 F.3d 415, 419 (6th Cir. 2007) (quoting *United States v. Coffee*, 180 F. App'x 562, 567 (6th Cir. 2006)). So "while a district court's failure to address each argument head-on will not lead to automatic vacatur, we will vacate a sentence if the 'context and the record' do not 'make clear' the court's reasoning" for imposing a sentence. *Liou*, 491 F.3d at 339 n.4 (quoting *Rita v. United States*, 551 U.S. 338, 359 (2007)).

Major argues that his 33-month, consecutive sentence is procedurally unreasonable because the district court failed to explain its reasons for both (1) choosing to run the sentence

consecutive to Major's 140-month sentence and (2) imposing a 33-month sentence for the revocation. With respect to Major's first argument, the record sufficiently demonstrates the district court's reasoning for imposing a consecutive sentence. At the revocation hearing, the district court stated it would impose a consecutive sentence "consistent with the guidelines." R. 64 (Revocation Hr'g Tr. at 4) (Page ID #238). The government contends that this was a reference to U.S.S.G. § 7B1.3(f), which states that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." Although the district court did not explicitly cite this provision, we have held that "'a sentencing court need not' make such an explicit reference 'if there is some other evidence in the record that it considered the section' and the court makes 'generally clear the rationale under which it has imposed the consecutive sentence.'" *United States v. King*, 914 F.3d 1021, 1025 (6th Cir. 2019) (quoting *United States v. Hall*, 632 F.3d 331, 335–36 (6th Cir. 2011)). Here, other evidence in the record indicates that the district court was referring to § 7B1.3(f) because the government's attorney specifically referred to § 7B1.3(f) while arguing in favor of a consecutive sentence. R. 64 (Revocation Hr'g Tr. at 3) (Page ID 237) ("Judge, our position is that it should run consecutively based on the Guideline 7B1.3(f) . . ."). The record thus contains sufficient indicia of the district court's reasoning in selecting a consecutive sentence, i.e., that doing so was consistent with the relevant Guidelines policy statement.

With respect to Major's second argument, Major is correct that, at first blush, the record lacks indicia of the district court's reasoning as to the appropriate length of Major's sentence. At

the revocation hearing, the district court's only reference to the appropriate sentence length was a statement that "the Court believes that a sentence at the low end of that [Guidelines range of 33 to 41 months], of 33 months, is sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2)." R. 64 (Revocation Hr'g Tr. at 5) (Page ID #239). But Major neglects to acknowledge a critical part of the record: at the revocation hearing, both parties recommended that the district court impose a 33-month sentence. R. 64 (Revocation Hr'g Tr. at 2) (Page ID #236). The district court's reasoning for selecting 33 months as the appropriate sentence is therefore clear: both parties asked for that sentence. And while the district court did not explicitly state that the parties' recommendation motivated its sentencing decision, "[d]istrict courts may exercise discretion in determining how much of an explanation of the sentence is required because 'the amount of reasoning required varies according to context.'" *United States v. Jeross*, 521 F.3d 562, 582–83 (6th Cir. 2008) (quoting *Liou*, 491 F.3d at 338). Here, the district court did not abuse its discretion by failing to explain its reasoning for selecting a 33-month sentence because, in context, the district court's reasoning is clear. Additionally, because the sentence that the district court selected was within Major's Guidelines range—in fact, 33 months was the lowest end of Major's range—the district court did not "need to provide a lengthy explanation." *United States v. Haj-Hamed*, 549 F.3d 1020, 1024 (6th Cir. 2008); *see also Rita*, 551 U.S. at 356–57 ("when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation").

Finally, Major argues that the district court had an obligation to consider a "compromise" sentence that balanced the arguments of both parties, crafting either a shorter consecutive sentence or a longer concurrent sentence. But Major cites no authority for the proposition that the district

court had any such obligation, save for a cite to an unpublished case that does not support his argument. *See United States v. White*, 617 F. App'x 545, 551 (6th Cir. 2015) (holding that a district court did not plainly err in imposing a consecutive sentence where the court appeared to have fashioned "a compromise between the sentences recommended by the government and [the defendant]"). And, as a court of review, we defer to the broad discretion of the district court in fashioning an appropriate sentence. *See United States v. Abdulmutallab*, 739 F.3d 891, 906 (6th Cir. 2014).

Here, then, the district court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356. Therefore, we conclude that the district court created a sufficient record for appellate review. Major's 33-month sentence was procedurally reasonable on this count as well.

### III. CONCLUSION

For the foregoing reasons, we conclude that Major's consecutive 33-month sentence is procedurally reasonable. We therefore **AFFIRM**.